IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE D. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00569-SMY |
| ) | |
| DONALD GAETZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jermaine Walker, a former inmate in the Illinois Department of Corrections ("IDOC"), filed a Notice of Removal in this District on May 23, 2016 (Doc. 1). He seeks removal of a civil action that he filed in Perry County Circuit Court in 2014, *i.e.*, *Walker v. Gaetz,* No. 14-MR-70 (2014). In the Notice of Removal, Walker raises a number of challenges to orders that were entered in that action. As explained in more detail below, removal is improper, and this case shall be **REMANDED** to state court.

Removal of civil actions is governed by 28 U.S.C. § 1441 ("removal statute"). Pursuant to the removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute is construed narrowly. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Doubts concerning removal are resolved in favor of remand. *Id*. The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). If the district court lacks jurisdiction, the action must be

remanded to state court pursuant to 28 U.S.C. § 1447(c). For numerous reasons, removal of Walker's case to federal court is improper, and remand of the case to Illinois state court is warranted.

First, removal is not available to a plaintiff. As the plaintiff, Walker chose to file the action in state court. Section 1441 does not authorize him to remove his case to federal court under the circumstances.

Second, the Court has no way of determining whether it has jurisdiction of this action. Section 1331 confers jurisdiction on federal courts for civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The federal question "must appear in the well-pleaded [C]omplaint." *Panther Brands, LLC v. Indy Racing League, LLC*, -- F.3d --, 2016 WL 3513486 (7th Cir. June 27, 2016). Section 1332 confers jurisdiction on federal courts where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). In both contexts, federal jurisdiction depends on the allegations in the Complaint, as opposed to issues that arise later in a case. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F. 3d 1482, 1486 (7th Cir. 1996) (issues raised in the Complaint, as opposed to the defendant's Answer, control the litigation); *Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984) (citation omitted). When making this jurisdictional determination, the Court looks to the Complaint as it existed at the time the Notice of Removal was filed. *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992). This Court is unable to discern any basis for jurisdiction. Walker did not submit a copy of the underlying Complaint along with his Notice of Removal.

The fact that Walker referred to the underlying Complaint as a "Section 1983 Complaint" in his Notice of Removal does not change this outcome (Doc. 1, p. 5). It is true that certain civil

rights cases are removable. *See* 28 U.S.C. § 1443. However, even in those cases, only the defendants are authorized to remove such actions from state court to federal court. *Id*. ("Any of the following civil actions . . . commenced in a State court may be removed by the **defendant** to the district court of the United States for the district and division embracing the place wherein it is pending.") (emphasis added). Removal of Walker's case is also improper under § 1443.

Third, the Notice of Removal is untimely. A defendant must file a Notice of Removal of a civil action within thirty days of receiving the initial pleading setting forth a claim for relief or within thirty days after service of summons if the pleading is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Plaintiff seeks removal of a 2014 case. Although he provides few details regarding the underlying action, it appears that his Notice of Removal was filed long after the expiration of this thirty-day deadline. Therefore, even if he satisfied all of the other requirements -- which he clearly did not -- removal would still be improper because it is untimely.

Finally, Walker improperly seeks removal of several motions challenging state court orders. The law on this is clear: "[m]otions aren't removable; the removal statute permits the removal of 'civil actions.'" *Kuznar v. Kuznar*, 775 F.3d 892, 895 (7th Cir. 2015) (citing 28 U.S.C. § 1441). For each of the reasons set forth above, the Court concludes that removal of Plaintiff's state case is improper. Remand of the case is therefore warranted.

## CONCLUSION

For the foregoing reasons, the Court finds that removal of *Walker v. Gaetz,* No. 14-MR-70 (2014) to federal court is improper under 28 U.S.C. §§ 1441, 1443, and 1446. The Court hereby **REMANDS** the case to the Circuit Court, Twentieth Judicial Circuit, Perry County,

Illinois. The Clerk is **DIRECTED** to mail a certified copy of this Order of Remand to the Perry County Clerk of Court and close this case. *See* 28 U.S.C. § 1447(c).

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 5) is **DENIED**. Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." However, even if the plaintiff satisfies this requirement, the Court's inquiry does not end there. A court can deny a qualified plaintiff leave to file IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). When assessing an IFP Motion, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The Court cannot assess the underlying Complaint because Walker did not file it with his Notice of Removal. However, Walker's attempt to remove his state court action to federal court in an effort to avoid several adverse rulings in state court is clearly frivolous. His request for IFP status is denied. The obligation to pay the filing fee was incurred at the time this Notice of Removal was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE<br>United States District Judge